Mitchell BIGFEATHER, Jr., #70045, Petitioner,

v.

Ray H. PAGE, and the State of Oklahoma (Cherokee County), Respondents.

No. A–14696.

Court of Criminal Appeals of Oklahoma.
July 31, 1968.

Mitchell Bigfeather, Jr., petitioner, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge.

Mitchell Bigfeather, Jr., files his petition for a writ of habeas corpus, or a post conviction appeal, based, it seems, on the fact that he is an Indian, is illiterate and with little understanding or command of the English language, and that he did not understand the proceedings against him when he entered a plea of guilty to a charge of murder in the district court of Cherokee County, Oklahoma. He asks to be permitted to withdraw his plea of guilty and to be granted a new trial by a jury, and with an interpreter appointed for him.

The Attorney General has filed a response to which is attached copy of the arraignment before the county judge sitting as an examining magistrate, at which time an attorney was appointed for the defendant, and defendant's rights were fully explained to him by the court and by his attorney, and the defendant was permitted to waive preliminary hearing.

Also attached to the response is a copy of the information, charging defendant with the murder of one George Townsend, Jr., on March 3, 1964; the warrant of arrest showing that the sheriff travelled one thousand miles and arrested defendant on March 26, 1964; the minutes of the court on arraignment, showing that the defendant appeared in the district court on March 30, 1964, and his rights were again fully explained to him, and the attorney who had represented him before the examining mag-istrate was appointed to represent him. That after consultation with his client, and after defendant's rights were fully explained to him, "defendant waives further time in which to plead, and all of the rights as explained to him, advises the court that no promises or threats have been made to him, and that the statutory punishment is understood; the defendant further announces to the court that his plea is 'guilty as charged in the information', and that he specifically waives time for pronouncement of sentence and requests the court to pronounce sentence now."

Also attached to the response is copy of the judgment and sentence wherein defendant was sentenced to life imprisonment; and an affidavit executed by Carter Todd, the attorney who represented petitioner throughout his trial.

Carter Todd states in his affidavit that he consulted with the defendant, who appeared to be in compete command of his faculties and of the English language, and appeared to understand everything that was said to him, and that the question of an interpreter was never mentioned. He further states that defendant's rights were fully explained to him, and that after consulting with the defendant, affiant consulted with the county attorney, and learned that he would recommend a life sentence. That he conveyed this information to his client, and told him that the judge did not have to accept or follow the recommendation of the county attorney, and that defendant "at that time, without hesitation still insisted that he desired to enter a plea of guilty and take whatever punishment the court decreed."

From the records before us, we find that the petitioner has not stated a cause of action to entitle him to either a writ of habeas corpus, or a post conviction appeal.

The petition is denied.

NIX, P. J., and BUSSEY, J., concur.